UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-CV-01017-PD                                   Date: September 10, 2025

Title   *Kirk Kara Corp. v. Marimor Corp. et al.*

Present: The Honorable:   Patricia Donahue, United States Magistrate Judge

|  Isabel Verduzco  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:       Attorneys Present for Defendants:

Not present                                      Not present

**Proceedings (In Chambers):**   **Order to Show Cause Re Lack of Prosecution**

On February 5, 2025, Kirk Kara Corp. ("Plaintiff") filed a complaint against Marimor Corp. and DOES 1–10. Dkt. No. 1. On February 6, 2025, the Clerk issued a summons as to Defendant Marimor Corp. ("Marimor"). Dkt. No. 7. Plaintiff filed a proof of service reflecting that it served Marimor on April 9, 2025. Dkt. No. 8. On May 9, 2025, the Court issued a minute order noting that the proof of service did not adequately reference the Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment") and directed Plaintiff to file an amended proof of service. Dkt. No. 9. On May 12, 2025, Plaintiff filed the amended proof of service showing that the summons, complaint, and Notice of Assignment were served on April 9, 2025. Dkt. No. 10.

On June 25, 2025, the Court granted a joint motion to extend Marimor's time to answer the complaint by July 15, 2025. To date, Marimor has not responded to the complaint. Plaintiff has declined to further prosecute his action by filing a request for entry of default pursuant to Federal Rule of Civil Procedure 55(a) or notice of voluntary dismissal. It is Plaintiff's responsibility

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-CV-01017-PD | Date: September 10, 2025 |
| Title   *Kirk Kara Corp. v. Marimor Corp. et al.* | |

to prosecute this action diligently by filing stipulations extending time to respond and seeking Rule 55 remedies promptly upon default of any defendant.

Plaintiff is therefore **ORDERED TO SHOW CAUSE <u>in writing by no later than October 3, 2025</u>**, why this case should not be dismissed without prejudice for lack of prosecution.  *See* Fed. R. Civ. P. 41; *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (holding district courts have "inherent power sua sponte to dismiss a case for lack of prosecution.") (citations omitted). Plaintiff may discharge this Order by seeking entry of default or filing a notice of voluntary dismissal.  Failure to timely respond to this Order may result in involuntary dismissal of this action for failure to prosecute and/or for failure to obey a court order.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

|   | : |
|---|---|
| Initials of Preparer | iv |